UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO EFRAIN OBANDO CUELLAR

v.   Case No.: 8:10-cv-1972-T-24-EAJ
          8:02-cr-64-T-24-EAJ

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 370). Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I. Background**

Petitioner was charged with conspiring to distribute, and possessing with the intent to distribute, five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (CR Doc. No. 44). In 2002, Petitioner pled guilty to both counts and was sentenced to 168 months of imprisonment. (CR Doc. No. 203). Prior to the change of plea, Petitioner and the Government executed a document titled, "Agreed Version of the Facts," in which Petitioner agreed to the following facts (CR Doc. No. 146): Petitioner was a knowing and willing participant in the plan to smuggle twelve tons of cocaine on board a fishing vessel on which he was a crew member. Further, he assisted in the possession, with the intent to distribute, the shipment of cocaine. He also agreed that he was pleading guilty because he was, in fact, guilty.

Thereafter, Petitioner appealed his conviction and sentence. (CR Doc. No. 214). On August 18, 2004, the Eleventh Circuit affirmed his conviction and sentence. (CR Doc. No. 308). In 2005, Petitioner filed a § 2255 motion, which this Court denied on November 14, 2005. (CR Doc. No. 318, 320). On September 7, 2010, the instant § 2255 motion was docketed.

## II.  Discussion

Petitioner contends that he is entitled to relief under § 2255, because he has new evidence that shows that his conviction was obtained by the unconstitutional failure of the Government to disclose evidence that was "highly favorable" to his case. However, since the motion is untimely, successive, and the new evidence is in Spanish, the motion is denied.

### A.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for § 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002)(citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner appealed his conviction, and as such, his conviction became final in 2004. See Clay v. U.S., 537 U.S. 522, 527 (2003)(stating that after a non-meritorious appeal, the conviction becomes final once the time for filing a certiorari petition to the Supreme Court expires).

2

Therefore, the limitations period set forth under the first prong has expired, making the motion untimely unless the limitations period set forth in another prong applies.

Petitioner contends that he has new evidence that shows that his conviction was obtained by the unconstitutional failure of the Government to disclose evidence that was "highly favorable" to his case. The new evidence consists of an affidavit of his co-defendant and a magazine article in Spanish that does not indicate the date in which the article was published. As such, there is no way for this Court to determine the date on which the article could have been discovered through the exercise of due diligence. While the affidavit of the co-defendant indicates that the article was discovered by him in June of 2010, it does not state that the article was published in 2010, and thus, it is impossible for the Court to determine when the article could have been discovered through the exercise of due diligence. Accordingly, Petitioner has not shown that his motion is not time-barred under the forth prong of the AEDPA, and therefore, the motion must be denied as untimely.

### B.  Successive Filing

Additionally, this motion must be denied as it is a successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case.

### C.  New Evidence

Even if the § 2255 motion was not untimely and successive, the motion would still be denied on the merits, since it is based on a magazine article written entirely in Spanish. However, federal court proceedings must be conducted in English, and Petitioner has not

provided an English translation.  Therefore, the Court will not consider the magazine article.  As a result, all that is left in support of Petitioner's motion is his co-defendant's affidavit containing conclusory allegations that the drug bust upon which Petitioner and the affiant's convictions were based was "fake" and that the fake bust was orchestrated in order for a powerful drug lord to obtain a 5K1 or Rule 35(b) motion for substantial assistance.  These allegations are not sufficient to overcome Petitioner's stipulation prior to sentencing that he was a knowing and willing participant in the plan to smuggle cocaine; that he assisted in the possession, with the intent to distribute, the shipment of cocaine; and that he was pleading guilty to the charges because he was, in fact, guilty.  (CR Doc. No. 146).  Therefore, the motion must be denied.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To

make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of November, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner